UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Philip D. Smith, | ) | Civil Action No.: 4:17-cv-02258-RBH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Warden, FCI Williamsburg, | ) | |
| | ) | |
| Respondent. | ) | |
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ | ) | |

Petitioner Philip D. Smith, a federal prisoner proceeding pro se, has filed a petition for a writ

of habeas corpus pursuant to 28 U.S.C. § 2241. *See* ECF No. 1. The matter is before the Court for

review of the Report and Recommendation (R & R) of United States Magistrate Judge Thomas E.

Rogers, III.[1] *See* R & R [ECF No. 15]. The Magistrate Judge recommends that the Court summarily

dismiss Petitioner's § 2241 petition with prejudice and without requiring Respondent to file a return.

R & R at p. 7.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has

no presumptive weight, and the responsibility to make a final determination remains with the Court.

*Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court must conduct a de novo review of those

portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in

whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions.

28 U.S.C. § 636(b)(1).

⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

[1]      This matter was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule
73.02(B)(2)(c) for the District of South Carolina.

Petitioner has not filed objections to the R & R, and the time for doing so has expired.[2]  In the absence of objections to the R & R, the Court is not required to give any explanation for adopting the Magistrate Judge's recommendations.  *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).   The Court reviews only for clear error in the absence of an objection.  *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation'" (quoting Fed. R. Civ. P. 72 advisory committee's note)).

Furthermore, a certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The Fourth Circuit has held that a district court's order denying relief on a petition pursuant to 28 U.S.C. § 2241 is not appealable unless a circuit justice or judge issues a certificate of appealability.  *See, e.g.*, *Garvin v. Wright*, 583 F. App'x 287 (4th Cir. 2014) (citing 28 U.S.C. § 2253(c)(1)(A)).  When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong.  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003).  When the district court denies relief on procedural grounds, the prisoner must demonstrate (1) the dispositive procedural ruling is debatable and (2) the petition states a debatable claim of the denial of a constitutional right.  *Slack*, 529 U.S. at 484-85.  Here, the Court concludes that Petitioner has failed to make the requisite showing of

---

[2]       Petitioner's objections to the R & R were originally due by October 20, 2017.  *See* ECF Nos. 15 & 16.  After Petitioner filed a motion seeking a thirty-day extension to file objections, the Court granted the motion and extended the deadline for filing objections to November 20, 2017.  *See* ECF Nos. 17 & 19.  Petitioner still has not filed objections.

"the denial of a constitutional right."

Having reviewed the record for clear error, the Court adopts and incorporates by reference the Magistrate Judge's R & R [ECF No. 15] *except for the recommendation that the dismissal be with prejudice.*[3] Accordingly, the Court **DISMISSES** Petitioner's § 2241 petition *without* prejudice and *without requiring Respondent to file an answer or return*. The Court **DENIES** a certificate of appealability because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

Florence, South Carolina                           s/ R. Bryan Harwell
December 11, 2017                                  R. Bryan Harwell
                                                  United States District Judge

---

[3] The Court lacks jurisdiction over Petitioner's § 2241 petition and therefore must dismiss it *without* prejudice. Significantly, the Magistrate Judge concluded (correctly) that Petitioner failed to satisfy the second prong of *In re Jones*, 226 F.3d 328, 333–34 (4th Cir. 2000) because he "fails to demonstrate that the conduct for which [he] was convicted has been deemed non-criminal by any substantive law change since his criminal conviction was finalized or since the filing of his § 2255 motions." R & R at p. 5. The Fourth Circuit has recognized that such circumstances require a § 2241 petition be dismissed *without* prejudice. *See Rice v. Rivera*, 617 F.3d 802, 807–08 (4th Cir. 2010) (holding a district court lacked jurisdiction over a § 2241 petition because the petitioner did not satisfy the second prong of the *Jones* rule); *see, e.g., Redd v. Wilson*, No. 17-7266, 2017 WL 5626011 (4th Cir. Nov. 21, 2017) ("Redd has failed to satisfy his burden of demonstrating that 28 U.S.C. § 2255 (2012) is an inadequate or ineffective means of challenging the validity of his detention. *See Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010); *United States v. Poole*, 531 F.3d 263, 267 n.7 (4th Cir. 2008). The district court lacked jurisdiction over Redd's petition, *Rice*, 617 F.3d at 807, and we therefore . . . modify the district court's order to reflect a dismissal without prejudice, and affirm the dismissal as modified." (some internal citations omitted)); *Meredith v. Andrews*, 700 F. App'x 283, 284 (4th Cir. 2017) (same). Accordingly, the Court modifies the R & R to reflect the dismissal is *without* prejudice.