UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Philip D. Smith, | ) | Civil Action No.: 4:17-cv-02258-RBH |
| Petitioner, | ) | |
| v. | ) | **ORDER** |
| Warden FCI Williamsburg, | ) | |
| Respondent. | ) | |

Petitioner Philip D. Smith, a federal prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See* ECF No. 1. The matter is before the Court for consideration of Petitioner's objections to the Report and Recommendation ("R & R") of United States Magistrate Judge Thomas E. Rogers, III.[1] *See* ECF Nos. 15 & 39. The Magistrate Judge recommends that the Court summarily dismiss Petitioner's § 2241 petition with prejudice and without requiring Respondent to file a return. R & R at p. 7.

**Standard of Review**

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report

---

[1] This matter was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.).

to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983).

## **Discussion**[2]

The Magistrate Judge recommends summarily dismissing Petitioner's § 2241 petition because he fails to establish that a motion under 28 U.S.C. § 2255 is inadequate or ineffective to test the legality of his detention. R & R at pp. 4–6. In his objections, Petitioner rehashes the grounds in his § 2241 petition, namely that his criminal judgment was vacated[3] and that he has an "illegal sentence" for his

---

[2] The R & R thoroughly summarizes the factual and procedural background of this case, as well as the applicable legal standards.

[3] As the Magistrate Judge explains, Petitioner is incarcerated in South Carolina at FCI Williamsburg but was convicted and sentenced in the United States District Court for the Northern District of Georgia. *See United States v. Smith*, No. 1:09-cr-00079-SCJ (N.D. Ga.). Specifically, Petitioner pled guilty to possessing a firearm during a carjacking in violation of 18 U.S.C. § 924(c)(1)(a), and he received a fifteen-year prison sentence (and five years' supervised release). *Id.* at ECF No. 65-1. Petitioner filed a notice of appeal with the Eleventh Circuit Court of Appeals, and while his appeal was pending, the Georgia district court attempted to vacate Petitioner's criminal judgment. *Id.* at ECF Nos. 72, 79. However, the Eleventh Circuit subsequently issued an opinion affirming Plaintiff's conviction and sentence. *Id.* at ECF No. 91.
    Petitioner has filed motions in the Georgia district court making the same arguments he makes in the instant § 2241 action—that he is serving an illegal sentence due to his "vacated" criminal judgment; and the district court has denied relief on those motions. *See* ECF Nos. 134, 135, 137, & 138. Notably, in December 2017, the district court issued an order summarizing the entire procedural history of Petitioner's criminal case, recognizing its error, and explaining it lacked jurisdiction to vacate Petitioner's judgment due to the appeal pending before the Eleventh Circuit. *See United States v. Smith*, No. 1:09-cr-00079-SCJ, ECF No. 138 at pp. 1, 3–4 (N.D. Ga.) ("[T]he [c]ourt . . . needs to correct the error on the docket . . . . [I]n spite of what the docket suggests, [the judgment] was never vacated. The notice of appeal was filed, and the appellate case opened, before the August 12, 2010 Order was entered. Thus, the [c]ourt did not have jurisdiction, i.e., the authority, to vacate the judgment.").

2

conviction under 18 U.S.C. § 924(c).[4]

As indicated in the R & R,

> [I]t is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255. It is only when § 2255 proves inadequate or ineffective to test the legality of detention, that a federal prisoner may pursue habeas relief under § 2241. Importantly, the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual is procedurally barred from filing a § 2255 motion.
>
> . . . . More specifically, § 2255 is inadequate and ineffective—and § 2241 may be utilized—when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (internal citations, quotation marks, and ellipsis omitted). Here, Petitioner cannot show § 2255 is inadequate or ineffective because the substantive law has not changed so that his conduct—possessing a firearm during a carjacking in violation of 18 U.S.C. § 924(c)(1)(a)—is no longer criminal. Thus, Petitioner is not entitled to relief under 28 U.S.C. § 2241, and the Court must dismiss his § 2241 petition.

### **Certificate of Appealability**

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating reasonable jurists would find the court's assessment

---

[4] Petitioner asserts he has "now been incarcerated nine years[,] which is four years past any five years violation of 18 U.S.C. 924(c) which I should have been exposed to." ECF No. 45 at pp. 1–2. However, as the Magistrate Judge notes, the *minimum* prison sentence is five years for a conviction under 18 U.S.C. § 924(c)(1)(a). *See* R & R at p. 3 n.2. And as explained in Footnote Five above, Petitioner was sentenced to fifteen years' imprisonment.

of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484–85. In this case, the Court concludes Petitioner has not made the requisite showing of "the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

## **Conclusion**

The Court has reviewed the entire record, including the § 2241 petition, the Magistrate Judge's R & R, and Petitioner's objections. The Court has conducted a de novo review of those portions of the R & R to which Petitioner objects. Accordingly, the Court overrules Petitioner's objections and adopts the Magistrate Judge's R & R [ECF No. 15] *except for the recommendation that the dismissal be with prejudice*.[5] Accordingly, the Court **DISMISSES** Petitioner's § 2241 petition *without prejudice* and without requiring Respondent to file an answer or return. The Court **DENIES** a certificate of appealability because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

---

[5] The Court lacks jurisdiction over Petitioner's § 2241 petition and therefore must dismiss it ***without*** prejudice. Significantly, the Magistrate Judge concluded (correctly) that Petitioner failed to satisfy the second prong of *In re Jones*, 226 F.3d 328, 333–34 (4th Cir. 2000) because he "fails to demonstrate that the conduct for which [he] was convicted has been deemed non-criminal by any substantive law change since his criminal conviction was finalized or since the filing of his § 2255 motions." R & R at p. 5. The Fourth Circuit has recognized that such circumstances require a § 2241 petition be dismissed *without* prejudice. *See Rice v. Rivera*, 617 F.3d 802, 807–08 (4th Cir. 2010) (holding a district court lacked jurisdiction over a § 2241 petition because the petitioner did not satisfy the second prong of the *Jones* rule); *see, e.g.*, *Redd v. Wilson*, 703 F. App'x 196, 2017 WL 5626011 (4th Cir. 2017) ("Redd has failed to satisfy his burden of demonstrating that 28 U.S.C. § 2255 (2012) is an inadequate or ineffective means of challenging the validity of his detention. *See Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010); *United States v. Poole*, 531 F.3d 263, 267 n.7 (4th Cir. 2008). The district court lacked jurisdiction over Redd's petition, *Rice*, 617 F.3d at 807, and we therefore . . . modify the district court's order to reflect a dismissal without prejudice, and affirm the dismissal as modified." (some internal citations omitted)); *Meredith v. Andrews*, 700 F. App'x 283, 284 (4th Cir. 2017) (same). Accordingly, the Court modifies the R & R to reflect the dismissal is ***without*** prejudice.

**IT IS SO ORDERED.**

Florence, South Carolina  s/ R. Bryan Harwell
January 31, 2018  R. Bryan Harwell
United States District Judge